JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

STACEY GEIS (CABN 181444)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7126
   Facsimile: (415) 436-7234
   E-Mail: Stacey.Geis@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br>     Plaintiff, </br> v. </br> DANNY YEP, </br>     Defendant. | No. CR 07-00481 JSW </br></br> GOVERNMENT'S SENTENCING MEMORANDUM </br></br> Hearing Date: Mar. 20, 2008 </br> Time: 2:30 p.m. </br> Court: Hon. J. White |

I. INTRODUCTION

    The defendant Danny Yep ("Yep") is scheduled to be sentenced before this Honorable Court on March 20, 2008. Yep entered a plea of guilty on December 13, 2007 to one count of illegally selling an endangered species, Title 16 U.S.C. §§ 3372(a)(1), 3372(a)(4), 3373(d)(1)(B). The United States files this pleading to address the offense conduct, the Guidelines calculations, as well as to advise the Court of the parties' joint sentencing recommendation of two months imprisonment, followed by four months of home confinement, three years of supervised release, and a fine of $2,000.

//

//

II. DISCUSSION

   A. Offense Conduct

In the presentence report ("PSR"), the Probation Officer provides an accurate description of the offense conduct in this case. In brief, on July 1, 2004, Yep sold an endangered species – specifically, an Asian Arowana fish – to an undercover Fish & Wildlife agent, all in violation of Title 16 U.S.C. §§ 3372(a)(1), 3372(a)(4), 3373(d)(1)(B). The Asian Arowana fish, also known as Asian Boney tongue fish, is native to Indonesia and Malaysia. It is believed to be a good luck symbol by various members of the Chinese community and can command up to $2,000 to $3,000 per fish based on its size and the brilliance of its color. It is classified as "endangered" under the Endangered Species Act (ESA) and the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES). It is illegal to take, possess, sell, or purchase this fish without a permit.

   B. Guidelines Calculation

In this case, the United States concurs with the PSR's calculation of the Sentencing Guidelines. The base offense level is 6. See U.S.S.G. § 2Q2.1(a). There is a 2-level increase for commercial gain. See U.S.S.G. § 2Q2.1(b)(1). There is also a 4-level increase because the offense involved a fish that is listed as an endangered species. See U.S.S.G. § 2Q2.1(b)(3)(B). The parties have agreed that there are no other enhancements that apply. Thus, the adjusted offense level is 12. With a 2-level departure for acceptance of responsibility, the final total offense level is 10. Because Yep has a Criminal History Category of I, the applicable Guidelines range is 6-12 months in Zone B.

   C. Government's Sentencing Recommendation

The parties have entered into a (c)(1)(C) plea whereby Yep, pursuant to the plea agreement, would be sentenced to a term of imprisonment of two months, followed by four months of home confinement, would be fined $2,000, would pay a $100 special assessment, and be placed on three years probation. The government submits that the

proposed sentence serves the goals of Section 3553 of the Sentencing Reform Act. In particular, a two month term of imprisonment, followed by four months of home confinement adequately addresses the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment for the offense committed. 18 U.S.C. § 3553. The proposed disposition also provides just punishment, ensures consistent and uniform enforcement, and affords adequate deterrence.

Smuggling protected and endangered species into the United States for commercial gain is a serious offense. Wildlife trafficking today is second only to drug smuggling as a major international illegal business. The demand for such pets has created a worldwide illegal trade in endangered animals now worth an estimated $10 billion per year. The extent of wildlife trafficking is having a devastating effect on the existence of hundreds, if not thousands, of protected species, which ultimately affects biodiversity conservation in general. Yep was a direct participant in this illegal trade. He stood to profit from it. A two month sentence sends a strong message both to Yep, as well as other smugglers in the Bay Area. The message sent will be that there are real consequences to trafficking endangered species, including the loss of personal liberty.

Probation concurs with the government's assessment that a two month jail sentence is appropriate and recognized in the PSR as well that the Yep clearly knew his conduct was illegal, that it was likely not an isolated incident, and that his motive was financial gain, not financial necessity.

The proposed term of imprisonment would also ensure uniformity of sentences for wildlife trafficking. *See* § 3553(a)(6) (need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct). It is common to sentence wildlife traffickers to some term of imprisonment, including cases handled in the Ninth Circuit and here in the Northern District of California. *See United States v. Beau Lewis,* NDCA 2001 (sentenced to 27 months imprisonment for smuggling in and selling various species of reptiles); *United States v. Anson Wong*, NDCA 2001 (sentenced to 71 months imprisonment and $60,000 fine for smuggling and

1  sale of various species); *see also United States v. Paluch*, 84 Fed. Appx. 740 (9th Cir.
2  2003) (sentenced to 24 months for smuggling and sale of various species of reptiles). The
3  government recognizes that the cases listed above involved much more serious offenses
4  where the defendant was caught trafficking much larger quantities of endangered or
5  protected species. Accordingly, the sentences involve much longer jail sentences. Here,
6  Yep was caught selling one Asian Arowana. While he deserves some term of
7  imprisonment, the government submits a two month sentence, followed by four months of
8  home confinement, adequately addresses the seriousness of Yep's specific offense, but
9  also recognizes that Yep was only caught selling one fish for $1,000. There is no
10 evidence that Yep is a habitual wildlife trafficker, or that he was trafficking large
11 amounts of wildlife which would justify a higher sentence. We do have evidence,
12 however, that Yep has had previous run-ins with the law. In particular, it appears that
13 Yep has been prosecuted previously for state wildlife offenses. While it appears the
14 offenses were minor, it nonetheless demonstrates a disregard for wildlife regulations,
15 which was also seen here. Again, a two month sentence, followed by four months of
16 home confinement, adequately address the offense conduct here, provides a consistent
17 and uniform sentence, and acts as a strong deterrence to both Yep and others similarly
18 situated.

19     For all of the foregoing reasons, the government recommends a sentence of two
20 months imprisonment, four months of home confinement, three years of supervised
21 release, and a $2,000 fine.

23 DATED: March 12, 2008                    /S/ Stacey P. Geis
                                            STACEY P. GEIS
24                                          Assistant U.S. Attorney