BARRY J. PORTMAN
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant YEP

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-07-0481 JSW |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| v. | ) | |
| | ) | Hearing Date: March 20, 2008 |
| DANNY YEP, | ) | Time: 2:30 pm |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Defendant Danny Yep appears before this Court to be sentenced on his conviction for commercial activity in illegally taken fish in violation of the Lacey Act, 16 U.S.C. Sections 3372(a)(1) and 3373(d)(1)(B). The charges in this case arose out of Mr. Yep's sale of one Asian Arowana fish to an undercover United States Fish & Wildlife Service agent on July 1, 2004. Over three year later, on July 24, 2007, the United States Attorney's Office filed the instant indictment against August Mr. Yep. On August 29, 2007, Mr. Yep was arrested on this charge, and made his initial appearance in federal court the following day, at which time he was released on an unsecured bond. Mr. Yep quickly accepted responsibility for his actions, and entered into a plea agreement with the government.

1    After the Court considers all of the circumstances of this case pursuant to 18 U.S.C.

2    Section 3553, including the fact that the applicable Guideline range is in Zone B of the

3    Guidelines, Mr. Yep respectfully requests that the Court accept the parties' joint recommended

4    sentence of two months of imprisonment followed by four months of home confinement.  The

5    United States Probation Officer concurs with this recommendation.

6                                        **BACKGROUND**

7    Danny Yep, twenty-seven years old, was born in China, and came to the United States

8    with his family when he was two years old.  Mr. Yep naturalized as a U.S. Citizen in 1989.

9    While Mr. Yep began learning English at a young age, his parents continue to speak very little

10   English, and the Chinese language and culture is a prominent aspect of Mr. Yep's home life.  Mr.

11   Yep's father works as a clerk for a dry cleaner, and until recently, his mother worked at a family

12   daycare facility.  Growing up, Mr. Yep's parents worked long hours and made just enough

13   money to support their family.  Mr. Yep was often left to fend for himself, and at a young age

14   was often roaming the streets on his own.

15   Throughout his youth, Mr. Yep struggled with the contrast between his family's

16   traditional Chinese culture and his new American culture.  He rebelled as a youth, and made

17   some bad decisions, which he now regrets.  In the last several years, however, Mr. Yep has

18   embraced his differing cultures and has been working diligently to gain valuable skills to succeed

19   in life in San Francisco.  As the eldest son in his family, he takes seriously his responsibility and

20   duty to care for his parents as they age.  He lives at home with his parents and has been working

21   for several years as an apprentice for contractors in San Francisco so that he may eventually

22   support his parents.

23   Since the offense conduct in this case (July 2004), Mr. Yep's only contact with law

24   enforcement was a misdemeanor trespassing violation.  Otherwise, he has remained gainfully

25   employed and has respected all laws and policies of the United States, and has not gotten himself

26   in any further trouble with the law.

1

**DISCUSSION**

2

**I.     The PSR Correctly Calculates the Guidelines and the Parties' Jointly Recommend A Sentence Within the Guidelines**

3

4

Mr. Yep respectfully requests that the Court accept the parties' joint sentencing

5

recommendation and sentence him to two months in custody followed by four months of home

6

confinement as a condition of a term of three years of supervised release.  Such a sentence is

7

"sufficient but not greater than necessary" to achieve the goals of 18 U.S.C. Section 3553(a).

8

Under the advisory sentencing guidelines, the final presentence report ("PSR") correctly

9

calculates the total offense level in this case as 10, the criminal history category as I, and a

10

corresponding sentencing range in Zone B of 6-12 months.  Because the applicable guideline

11

range is in Zone B of the Sentencing Table,

12

the minimum term may be satisfied by –

13

(1) a sentence of imprisonment; or

14

(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention . . . , provided that at lease one month is satisfied by imprisonment; or

15

16

(3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment . . . .

17

USSG § 5C1.1(c).

18

The parties' joint recommended sentence falls into subsection (2) above: it is a sentence

19

of six months, which includes a term of two months of imprisonment and the remaining four

20

months to be satisfied by home detention as a condition of a three-year term of supervised

21

release.  Accordingly, the recommended sentence fits squarely within the Guidelines.

22

Notably, if the Court were to impose a sentence of straight probation with a condition that

23

Mr. Yep serve the entire six months in home detention (without any term of imprisonment), that

24

too would be a Guideline sentence.  While Mr. Yep is not requesting such a sentence, and is

25

recommending the sentence agreed to in the plea agreement, this argument is submitted merely to

26

1 illustrate to the Court that the joint recommended sentence is not the most lenient permissible

2 under the Guidelines.  Instead, the joint recommendation of the parties reflects a significant

3 punishment that the parties believe adequately takes into account the nature and circumstances of

4 this particular offense, and the individual circumstances of this particular defendant.

5

**II.    The Joint Recommended Sentence Is Sufficient But Not Greater Than Necessary To**
6     **Fulfill the Sentencing Goals Under 18 U.S.C. Section 3553(a)**

7          This Court must not only consider the guideline range, but must also consider the other

8 directives set forth in 18 U.S.C. section 3553(a).  *See United States v. Booker*, 543 U.S. 220

9 (2005).  The primary directive in Section 3553(a) is that the Court must impose a sentence that is

10 "sufficient, *but not greater than necessary*, to comply with" the purposes of sentencing.  *See* 18

11 U.S.C. § 3443(a) (emphasis added).  Those purposes include the need:

12          •     to reflect the seriousness of the offense, to promote respect for the law, and to
                  provide just punishment for the offense;
13          •     to afford adequate deterrence to criminal conduct;
            •     to protect the public from further crimes of the defendant; and
14          •     to provide the defendant with needed educational or vocational training, medical
                  care, or other correctional treatment in the most effective manner.
15
16 U.S.C. § 3553(a)(2).

16          Section 3553(a) directs sentencing courts to consider a number of additional factors,

17 including:

18          •     the nature and circumstances of the offense, § 3553(a)(1);
19          •     the history and characteristics of the defendant, § 3553(a)(1);
            •     the kinds of sentences available, § 3553(a)(3);
20          •     the sentencing guideline range, § 3553(a)(4);
            •     pertinent Sentencing Commission policy statements, § 3553(a)(5);
21          •     the need to avoid unwarranted sentencing disparities, § 3553(a)(6);
            •     the need to provide restitution to any victims of the offense, § 3553(a)(7).
22
23          A sentence of two months imprisonment followed by four months of home detention as a

24 condition of 3 years of supervised release accomplishes the goals of Section 3553(a).

25          First, this offense occurred in July 2004.  It is now March 2008.  Except for the

26 trespassing violation noted above, Mr. Yep has not had any run-ins with the law since July of

1    2004.  Mr. Yep was not notified in 2004 that he had been caught, nor were any allegations about

2    this conduct made against him until August 2007; he chose to live a productive life on his own

3    accord.  Quite simply, Mr. Yep made the right decision to lead a law-abiding life and has made

4    great strides in doing so.

5        Second, the offense conduct in this case involves the sale of *one* fish.  While Mr. Yep

6    acknowledges the significant and seriousness of his offense, and admits that he made a terrible

7    mistake in selling this fish, the evidence establishes that Mr. Yep only engaged in this one sale.

8    While law enforcement attempted to engage in other sales with Mr. Yep and also tried to

9    determine if there were any other sales, there is no evidence of another such conduct.  Had he

10   engaged in any subsequent sales in the past four years, the Fish and Wildlife Service most

11   certainly would have presented such evidence.  Thus, we are not dealing with repeated conduct

12   over an extended period of time. This was one sale of one fish.

13       Third, a felony conviction and sentence of two months imprisonment followed by four

14   months of home confinement are a serious consequence for an individual under 30 years of age.

15   This sentence will more than adequately punish Mr. Yep for his particular conduct and will also

16   adequately deter any future wrongful conduct.

17       In a case such as this, a paramount concern is ensuring that Mr. Yep never re-offend.

18   Given his behavior since the instant offense conduct, that is extremely unlikely.  Nonetheless,

19   having him on three years of supervised release after two months in custody and four months of

20   home confinement will adequately address such concerns and protect the public from any

21   possible future danger of recidivism.

22       In full consideration of his history and characteristics, together with the other goals of

23   sentencing , the Court should impose the jointly recommended sentence of two months

24   imprisonment followed by four months in home confinement.

25   ///

26   ///

1
## CONCLUSION

2   For the reasons stated, Mr. Yep respectfully requests that the Court accept the parties'

3 joint recommended sentence of two months of imprisonment followed by four months of home

4 confinement.

5 Dated: March 13, 2008

6            Respectfully submitted,

7            BARRY J. PORTMAN
             Federal Public Defender

8              /S/

9

10           JODI LINKER
             Assistant Federal Public Defender

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26